UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CAMERON OMARI VINCENT,

Plaintiff,

v.

JONATHAN REYES, et al.,

Defendants.

Case No.  19-cv-00329-RMI

**ORDER ON DEFENDANTS' MOTIONS IN LIMINE**

Re: Dkt. Nos. 69, 70, 71, 72

Pending before the court are four motions in limine filed by Defendants to exclude certain forms of evidence from trial. Pursuant to Civil Local R. 7-1(b), the court finds this matter suitable for disposition without oral argument and rules as follows.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). The motion procures "an evidentiary ruling" over which a district court has "discretion" pursuant to its "inherent authority to manage the course of trials." *United States v. Komisaruk*, 885 F.2d 490, 492 (9th Cir. 1989); *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991); *Luce v. United States*, 469 U.S. 38, 44 n.4 (1984) (citation omitted). Within its discretion, a district court may grant, deny, or defer a motion in limine, including when the motion is unopposed, and may independently revisit its ruling at trial. *See Luce*, 469 U.S. at 41–42 (district court has total discretion in ruling on a motion in limine); *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004) (including unopposed motions); *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (and may revisit its ruling).

United States District Court
Northern District of California

**DISCUSSION**

_Defendants' Motion in Limine No.1_

Defendants' unopposed[1] motion in limine number one (dkt. 69) is **DEFERRED** until trial. "Motions in limine that seek exclusion of broad and unspecific categories of evidence . . . are generally disfavored" because courts are "better situated during the actual trial to assess the value and utility of evidence," instead of "tackling the matter in a vacuum." _Espinoza v. Sniff_, No. EDCV-14-85 JGB (SPX), 2015 WL 12660410, at *1 (C.D. Cal. May 11, 2015) (citation omitted); _see, e.g._, _Sperberg v. Goodyear Tire & Rubber Co._, 519 F.2d 708, 712 (6th Cir. 1975) (recognizing it is better to deal with questions of admissibility of evidence as they arise rather than use motions in limine to exclude broad categories of evidence); _United States v. Marino_, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing proffered evidence can be more accurately assessed in the context of other evidence). Defendants argue, and Plaintiff fails to contest, "unrelated instances of law enforcement misconduct should be excluded" because the incidents are inadmissible for lack of relevance, inadmissible hearsay, and substantially outweighed by the risk of jury confusion and unfair prejudice to Defendants. _See Def.'s MIL No.1_ (dkt. 69) at 3. However, deciding Defendants' motion would require the court to speculate about facts and circumstances in unrelated bygone incidents of police misconduct, without the context of other evidence. Rather than postulate, the court defers the motion until trial.

_Defendants' Motion in Limine No.2_

Defendants' unopposed motion in limine number two (dkt. 70) is **GRANTED** in part and **DENIED** in part. Lay testimony is based on personal knowledge arising from the witness' perception, whereas expert testimony is based on scientific, technical, or specialized knowledge. FED. R. EVID. 701; _see also Daubert v. Merrell Dow Pharms._, _Inc._, 509 U.S. 579, 589 (1993) (distinguishing lay and expert testimony); _Beech Aircraft Corp. v. Rainey_, 488 U.S. 153, 169 (1988) (stating lay testimony includes opinions and inferences drawn from personal observation).

---

[1] Plaintiff's counsel was repeatedly instructed to respond to Defendants' motions but failed to do so.

The witness' perception encompasses his own "mental and physical condition," but not his "medical diagnosis, prognosis, or the medical causation of his conditions, as he is not an expert . . . ." *Morgan v. Brown*, 2018 U.S. Dist. LEXIS 198851, at *9 (E.D. Cal., Nov. 21, 2018). Defendants argue, and Plaintiff fails to contest, Plaintiff cannot testify regarding his medical injuries and treatment, or the cause of his injuries, because such testimony "requires specialized medical knowledge." *Def.'s MIL No.2* (dkt. 70) at 3. Defendants correctly assert Plaintiff may not testify on the medical cause of his injuries, since he is not an expert rendering medical diagnosis; however, Plaintiff may testify about his mental and physical condition, as well as any treatment received, since those observations stem from his perception. Therefore, the court grants Defendant's motion in limine number two such that Plaintiff may not render expert medical opinion but otherwise denies the motion.

*Defendants' Motion in Limine No.3*

Defendants' unopposed motion in limine number three (dkt. 71) is **GRANTED**. Defendants argue, and Plaintiff fails to contest, Mr. Roger Clarke's testimony should be excluded where it (1) contains or references legal conclusions, and (2) does not refute the testimony of Defendants' police practices expert. *See Def.'s MIL No.3* (dkt. 71) at 3, 6.

First, an "expert witness cannot give an opinion as to her legal conclusion" or "on an ultimate issue of law," nor "instruct[] the jury as to the applicable law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation and quotation marks omitted). Defendants correctly assert Mr. Clark may not reference to the jury the court's Order (dkt. 52) on Defendants' Motion for Summary Judgment (dkt. 45) because it is a legal opinion. *See Def.'s MIL No.3* (dkt. 71) at 3. Additionally, Mr. Clarke may not state Deputy Tauscher "callously disregarded" Plaintiff's safety because the phrase "callous disregard" is analogical to "deliberate indifference," which if asserted against the deputy would establish an element of Plaintiff's Fourteenth Amendment claim. *See Def.'s MIL No.3* (dkt. 71) at 4. Lastly, Mr. Clarke may not state Deputy Tauscher violated California Vehicle Code § 27315 for driving without seatbelts, nor opine a violation of Plaintiff's First Amendment rights, because both are conclusions of law. *See Def.'s*

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *MIL No.3* (dkt. 71) at 5.

2      Second, a witness' rebuttal testimony must conform to "the same subject matter identified

3  by another party." FED. R. EVID. 26(a)(2)(D)(ii). Defendants correctly assert Mr. Clarke's rebuttal

4  testimony that does not address the testimony of Defendants' police practices expert—namely his

5  opinion regarding "screen tests," Deputy Tauscher's "callous disregard" for Plaintiff's safety, and

6  a violation of Plaintiff's First Amendment rights—ought to be excluded. *See Def.'s MIL No.3* (dkt.

7  71) at 6. The motion is granted.

8  *Defendants' Motion in Limine No.4*

9      Defendants' unopposed motion in limine number four is **GRANTED** to the extent that

10  Plaintiff must present to the court for review—prior to asking questions or making arguments—

11  evidence of misconduct, complaints, or disciplinary actions taken against Deputy Tauscher or

12  other testifying deputies. *See Def.'s MIL No.4* (dkt. 72) at 3–4. For the same reasoning stated

13  above regarding motion in limine number one, motion in limine number four is otherwise

14  **DEFERRED**.

15                                    **CONCLUSION**

16      For the reasons set forth in this order, Defendants' first motion in limine is **DEFERRED**,

17  Defendants' second motion is **GRANTED** in part and **DENIED** in part, Defendants' third motion

18  is **GRANTED**, and Defendants' fourth motion is **GRANTED** in part and **DEFERRED** in part.

19      **IT IS SO ORDERED.**

20  Dated: September 20, 2021

21

22

23  ROBERT M. ILLMAN
    United States Magistrate Judge

24

25

26

27

28

4